## INDUSTRIAL COMMISSION v ADAMS

Ohio Appeals, 2nd Dist, Franklin Co

No 2247.  Decided Feb 21, 1933

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Ass't Attorney General, Columbus, and Donald J. Hoskins, Prosecuting Attorney, Columbus, for plaintiff in error.

Boyd & Boyd, Columbus, for defendant in error.

BARNES, J.

The petition in error sets out four separate claimed grounds of error.

In the oral argument, counsel for the Commission stated that at this time they were only arguing the question of jurisdiction. This question is incorporated in the first ground of error, and is as follows:

"The court erred in taking jurisdiction of this cause over the objection of this plaintiff in error."

The question is very ably presented in the briefs of counsel representing the respective parties. The determination of this question of jurisdiction requires a consideration of the following facts:

First. Is §1465-90 GC relative to review in the courts to be applied as it reads at

the present time under the amendment of 1925, or the section as it existed when the claim was first presented to the Commission in 1924?

Second. Was the petition filed in time in the Common Pleas Court?

Taking these questions up in order, the determination as to which enactment of this Legislature controls involves the finding as to when the proceeding originated. §26 GC provides in substance that when a statute is repealed or amended, such repeal or amendment shall in no manner affect proceedings and when the repeal or amendment relates to the remedy it shall not affect proceedings unless so expressed, etc. We hold to the view and think the authorities sustain the conclusion that the proceeding which culminated in an order against the claimant was after the amendment of 1925 and would be controlled by the present provisions of said §1465-90 GC. While it is true the injury, presentation of claim and allowance thereof occurred prior to the amendment, yet the claimant made no objections to any orders then made. When the Commission instituted a further inquiry which resulted in a determination the claimant had been fully compensated, this would be a new proceeding and since the date was after the amendment the present act would control.

The record discloses that the order fully compensated was made on June 19, 1930. The law required the claimant within thirty days after receipt of notice of such finding of the commission to file an application for rehearing of his claim. It is the contention of counsel for the Commission that no application for rehearing was filed. It is admitted that an application for reconsideration was filed but not within the thirty-day period.

There is no provision under the law for filing an application for reconsideration. It was the determination of the court below that the application was in effect an application for rehearing although designated as an application for reconsideration.

It is our conclusion that the trial court was correct in this determination. It has been determined that great liberty shall be applied in all proceedings before the Industrial Commission. The record discloses that the application was received and acted upon as an application for rehearing. Additional evidence was presented in the nature of a physician's certificate, and this evidence, together with other contained in the file was passed upon.

On the question as to whether or not the application for a rehearing was filed within the thirty days as required under §1465-90, GC, we are compelled to sustain the finding of the lower court under the state of the record. One of the prerequisites to start the running of this thirty day period is the giving of notice to claimant of the order. In the oral argument it was stated that certain evidence on this question was lost, to-wit, a signed return card of a registered letter and an affidavit of the actual date of receiving the letter. We have examined the record very closely and do not find therein any evidence at all of notice. In the absence of a showing, it can not be determined that the claimant knew of the order of June 19, 1930, prior to the date of his filing his application for rehearing in the latter part of July, 1930. If the Commission gave notice the record should show it. The only thing we find in the record is copy of a letter under date of June 24th advising claimant of the order, but there is no evidence that the original of this letter was mailed out or received by claimant. In the briefs it is apparently admitted that the return registered card from the post office would show date of June 26th. However, claimant contends that the letter was receipted for by a neighbor and that he himself did not receive the notice until several days later. The claim is also made by counsel for the claimant that the application designated application for reconsideration was actually filed with the Commission on Saturday, July 26th, but not filed until Monday, July 28th. It is urged that this affidavit is likewise lost from the record. As indicated above, we must say that under the state of the record the application was filed in time.

Having determined these contraverted questions in favor of claimant there is no question that the petition was filed in time in the Court of Common Pleas.

It is our conclusion that the Court of Common Pleas had jurisdiction to consider and determine the cause.

Finding no errors in the record it is the judgment of this court that the proceeding in error be dismissed at costs of plaintiff in error. Decree accordingly will be entered.

HORNBECK, PJ, and KUNKLE, J, concur.