## INDUST COMM v SPADE

Ohio Appeals, 9th Dist, Wayne Co

No 914. Decided April 14, 1933

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Atty. Gen., Columbus, and Lyman R. Critchfield, Jr., Pros. Atty., Wooster, for plaintiff in error.
H. R. Smith, Wooster, and Daniel C. Funk, Wooster, for defendant in error.

STEVENS, J.

The principal grounds of error urged by the plaintiff in error are, first, refusal of the court to direct a verdict in favor of the plaintiff in error at the close of the evidence of defendant in error; second, that the verdict is against the weight of the evidence; and third, error in the charge of the court.

Upon the first ground, a reading of the record discloses entirely credible testimony far in excess of a mere scintilla, which warranted the trial court in overruling the motion to direct a verdict,

The real questions in this case are, 1. Did there arise, as a direct result of a physical injury, an insanity so violent as to cause the decedent to take his own life through an uncontrollable impulse or in a delirium of frenzy, without conscious volition to produce death and without having knowledge of the physical consequences of the act? and 2. Was there a direct and unbroken connection between the injury and the death?

**Industrial Comm. of Ohio v Adams, Gdn., 40 Oh Ap, 362, (14 Abs 165).**

These questions were solely questions of fact for determination by the jury, and the record discloses that the verdict of the jury upon them is entirely supported by the weight of the evidence, rather than being against it.

The third ground of error assigned is error in the charge of the court.

The record discloses that the plaintiff in error did not save this question as to error in the charge of the court, but suffice it to say that our reading of the record of the charge as given by the trial court leads us to the conclusion that the court properly stated the law applicable to the facts of this case.

Finding no prejudicial error in the proceedings of the trial court, and being of the opinion that the verdict of the jury is entirely supported by the evidence, the judgment is affirmed.

FUNK, J, concurs.
WASHBURN, PJ, not participating.